UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD TRAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09 C 3469 |
| | ) | |
| EILEEN KEIPER-KNAPP, | ) | |
| TODD CZARNECKI and THE CITY OF | ) | |
| CHICAGO, A MUNICIPAL | ) | |
| CORPORATION | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR A JUDGMENT
AT THE CLOSE OF PLAINTIFFS CASE**

Defendants, City of Chicago, Chicago Police Officers Eileen Keiper-Knapp and Todd Czarnecki ("Defendant Paramedics"), by their attorneys, Mary E. McCahill, Julie P. Sieracki and Daley Mohan Groble, P.C., at the close of Plaintiff's case and under Rule 50 of the Federal Rule of Civil Procedure, Plaintiff having rested respectfully moves this Honorable court, to find the issues in favor of Defendants Eileen Keiper-Knapp, Todd Czarnecki and the City of Chicago and against Plaintiff, Howard Travis, and in support states as follows:

1.  The rule governing entry of judgment as a matter of law (JMOL) is intended to shorten and end needless trials. *Echeverria v. Chevron USA Inc.* 391 F.3d 607, 612 (5th Cir. 2004); Fed. R. Civ. Pro. 50(a). Rule 50 authorizes the entry of judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1) (2001); *Montano v. City of Chicago,* 535 F.3d 558, 567 (7th Cir. 2008). There must be sufficient evidence that, if believed, would permit a reasonable jury to find in favor of Plaintiff. *Montano,* 535 F.3d at 567.

2. Plaintiff's claim for conspiracy to use excessive force (Count II) fails as to Defendants. To succeed on his claim, Plaintiff must prove that there was: (1) an express or implied agreement among Defendants to deprive Plaintiff of his constitutional rights by using excessive force against him; (2) an overt act was committed by at least one conspirator with intention to further that conspiracy; and that (3) Plaintiff was deprived of a constitutional right as a result of Defendants' actions. Defendants are entitled to a judgment as to the conspiracy claim because there is not one shred of evidence that there was an express or implied agreement among Eileen Keiper-Knapp and Todd Czarnicki to violate Plaintiff's constitutional rights. *Scherer v. Balkema,* 840 F.2d 437, 441-42 (7th Cir. 1988). The evidence of a conspiracy must be sufficient to conclude that a meeting of the minds had occurred and that Defendants Keiper-Knapp and Czarnecki had an understanding to achieve the conspiracy's objectives. *Green v. Benden,* 281 F.3d 661, 665-66 (7th Cir. 2002). There is no evidence of a meeting of the minds needed to put a conspiracy claim before the jury and there is no evidence of any understanding, plan or agreement of any kind between the Defendants to deprive Plaintiff of his constitutional rights.

3. As to his claim for assault (Count III), Plaintiff has not presented evidence to put this claim before a jury. There must be evidence that the defendants engaged in conduct which placed Plaintiff in reasonable apprehension of receiving bodily harm. *Swick v. Liautaud,* 169 Ill.2d 504, 512-514 (1996). In Plaintiff's case in chief, there was no evidence that Plaintiff was in reasonable apprehension, as he claims his head was down while he was in the ambulance. He did not fear a battery. Therefore, Plaintiff does not state that the actions of Defendant Keiper-Knapp and/or Todd Czarnicki for assault.

4. Count V for Intentional Infliction of Emotional Distress must fail as a matter of law. To succeed on the claim, Plaintiff must prove (1) that the involved conduct was truly

extreme and outrageous; (2) that the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) that the conduct caused severe emotional distress. *Valentiono v. Hilquist,* 337 Ill.App.3d 661, 709 (1st Dist. 2003). Under Illinois law, "extreme and outrageous conduct," for purpose of an intentional infliction of emotional distress claim, is that which goes beyond all bounds of decency and is considered intolerable in a civilized community. *Lopez v. City of Chicago,* 464 F.3d 711, 720 (7th Cir. 2006). Plaintiff has not presented extreme and outrageous conduct on the part of Defendants, who at the time of the occurrence, were paramedics that treated Plaintiff following a 911 call and took him to the hospital for treatment.

Moreover, even if there is some evidence of this element, Plaintiff has presented no evidence that he suffered severe emotional distress as a result of the alleged conduct. Emotional distress is not sufficient to rise the cause of action; the emotional distress must be severe. *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 90 (1976). Fright, horror, grief, shame, humiliation, worry, ect., alone is not actionable. *Public Finance Corp.,* 66 Ill.2d at 90. When asked how the alleged occurrence affected him emotionally, Plaintiff gave a lengthy response about someone going out of their way, beating on him for no good reason, having to be incarcerated in the special ward with people accused of felonies, being limited in doing what he could do, where he could go, maintaining good conduct and not going out of the house. Plaintiff was not incarcerated for more than 3 days before he posted bond. He continued to go out and took trips to the store. This does not rise to the level of severe emotional distress. Furthermore, there was no testimony from anyone, including Plaintiff, regarding treatment for emotional distress or mental anguish as a result of the alleged conduct of defendants. His alleged damages to not rise to the level of severe

emotional distress and because he cannot meet this element, judgment should be entered as to Defendants' for Count II.

5. Additionally, there has been no evidence as to Plaintiff's claim for abuse of process (Count VI). To sustain an action for abuse of process it is essential first that there exist an ulterior motive and second that an act in the use of process other than such as will be proper in the regular prosecution of the charge has taken place. *Jeffery V. Robbins,* 73 Ill.App.353, 361 (1897). The tort of abuse of process is not favored under Illinois law, accordingly the elements are strictly construed. *See Erlich v. Lopin—Erlich,* 195 Ill.App.3d 537, 539 (1990).

In order to succeed on the first element, Plaintiff must prove that Defendants instituted proceedings against him for an improper purpose, such as extortion, intimidation, or embarrassment. *Community National Bank in Monmouth v. McCrery,* 156 Ill.App.3d 580, 583 (1987). In order to satisfy the second element, the plaintiff must plead facts that show a misapplication of process, i.e., that the process was used to accomplish some result beyond the purview of the process. *McCrery,* 156 Ill.App.3d at 583. When process is used only for its intended purpose, there has been no misapplication of process. *Holiday Magic, Inc.,* 4 Ill.App.3d at 969. A legal and legitimate use of process, although with a bad intention, is not sufficient; thus, the mere bringing of an action, although with an improper ulterior motive, does not of itself constitute an abuse of process. *Keithley v. Stevens,* 238 Ill. 199 (1909); *Reed v. Doctor's Associates, Inc.* 355 Ill.App.3d 865 (5th Dist. 2005).

There has been no evidence of an ulterior motive for any of Defendants' conduct. The motive for any of defendants actions on the date of the alleged occurrence were not questioned or challenged. Additionally, the only act in the use of process was, in fact, the charge and prosecution of that charge. Additionally, although this was a legal and legitimate use of the

process, there is no evidence of Defendant Czarnecki using legal process at all. He did not sign a complaint and did not press charges. Because there has been no evidence of an ulterior motive for any of Defendants' conduct and because the only act in the use of the process remained within the purview of the process, Plaintiff's Count for abuse of process fails as a matter of law.

6. Defendant Todd Czarnecki should be given judgment as a matter of law as to all counts. Even if one were to believe Plaintiff's version of events, he alleges that the only thing Defendant Todd Czarnecki did was twist his arm and call him names. Verbal abuse does not rise to the level of battery. To succeed on his claim of excessive force, Plaintiff must prove that Defendant Czarnecki used unreasonable force against him. Grabbing his arm to restrain Plaintiff is not unreasonable. Because that is the only physical contact Plaintiff alleges as to Todd Czarnecki, his claim of excessive force must fail. Additionally, to prevail on his claim Plaintiff must prove Todd Czarnecki's use of force was unreasonable from the perspective of a reasonable paramedic facing the circumstances that he faced. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). Under the circumstances, taking a hold of Plaintiff's arm was not unreasonable given the circumstances that Defendant Czarnecki was faced with.

As to his battery claim, Plaintiff has offered no evidence that the alleged arm twisting caused him any injury. To succeed on his battery claim, Plaintiff must prove that as a result of the physical contact of Defendant Czarnecki with Plaintiff, he suffered an injury. 720 ILCS 5/12-3. Plaintiff never said that his arm was injured. There was no testimony of any kind that as a result of Todd Czarnecki's conduct, Plaintiff suffered an injury. Because there is no evidence of this element of battery, Defendant Czarnecki is entitled to judgment as a matter of law.

Moreover, there is no evidence that Defendant Czarnecki's conduct was willful and wanton. Willful and wanton conduct is a course of action which shows an actual or deliberate intention to harm or utter indifference to or conscious disregard for a person's safety. (Ill.Rev.Stat.1983, ch. 85, par. 1-210.) To sustain his battery and assault claims, Plaintiff must prove Defendants' actions were willful and wanton. 745 ILCS 10/2-202. The actions of Todd Czarnecki in grabbing Plaintiff's arm to keep him restrained were not willful and wanton. A paramedic taking a patient's arm to keep him inside of an ambulance does not show an actual or deliberate intention to harm or utter indifference to or conscious disregard for a person's safety. Plaintiff's assault and battery claims require willful and wanton conduct. Because there is not any evidence that Todd Czarnecki's actions and conduct, if believed by a jury, would authorize a verdict against him, Plaintiff's claims for assault and battery must fail. *See Sivert v. Pennsylvania R. Co.,* 197 F.2d 371 (7th Cir. 1952).

        Respectfully submitted,

        EILEEN KEIPER-KNAPP, TODD CZARNECKI, and THE CITY OF CHICAGO

By:     /s/ Julie P. Sieracki
        Julie P. Sieracki
        Daley Mohan Groble, P.C.
        55 West Monroe, Suite 1600
        Chicago, Illinois 60603
        Telephone: (312)422-9999
        Attorney No. 6304015